UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE ENRIQUE HERNANDEZ ESPINOZA,

     Petitioner,

v.                                Case No. 3:26-cv-669-MMH-LLL

GARRETT RIPA, et al.,

     Respondents.

---

## **ORDER**

### **I. Status**

Petitioner Jose Enrique Hernandez Espinoza, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on March 27, 2026. The Federal Respondents (Attorney General Todd Blanche, Secretary Markwayne Mullin,[1] Garrett Ripa, Todd Lyons, and the Executive Office for Immigration Review) filed a Response to Petition for Writ of Habeas Corpus (Doc. 10; Response). Respondent Warden filed a Motion to Dismiss (Doc. 9), arguing he is not a proper respondent in this case. Espinoza filed a counseled Reply (Doc. 11). This case is ripe for review.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

## II. Background

According to Espinoza, he is a citizen of Mexico who entered the United States in 2004 as an unaccompanied minor. Petition at 46. Espinoza applied for Deferred Action for Childhood Arrivals in 2021, but his application "was not processed." Id. On March 5, 2026, United States Immigration and Customs Enforcement detained Espinoza, and he was placed in removal proceedings. Id.

## III. Analysis

The crux of Count Six of Espinoza's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 56.[2] As relief, he seeks, inter alia, immediate release. Id. at 58. The Federal Respondents argue that this Court lacks jurisdiction over Espinoza's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 4–12.

The Court is satisfied it has jurisdiction over Espinoza's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr.

---

[2] Because the Court finds that Espinoza is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

7, 2026); <u>Garcia v. Warden</u>, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Espinoza entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy. [3] <u>See</u> <u>Fonseca</u>, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to

---

[3] Insofar as Espinoza requests attorney's fees, he may make such a request in a separate motion, if appropriate. <u>See</u> Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[4]).

Accordingly, it is **ORDERED**:

1.      Espinoza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count Six. Respondents shall release Espinoza **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Baker County Correctional's Motion to Dismiss (Doc. 9) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at \*4–5.

3.      The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count Six, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[4] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at \*5. Here, the Federal Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondents certify that they are holding Espinoza under § 1225(b)(2), see Response at 3, and the Court finds that § 1225(b)(2) does not apply to Espinoza. Thus, without any lawful basis for this detention, Espinoza is entitled to immediate release.

Jax-9 5/28
c:
Counsel of Record